*Swayze, Martin,* and *T. H. Lewis,* for the appellants. *W. B. Lewis* and *Dupré,* for the defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Martin, Administrator, *v.* Dupre.

*Where a succession is not in debt, the tutrix of the minor heirs may receive the proceeds of a probate sale of its effects, or authorize any other person to receive them for her; and a payment made by a purchaser to a person so authorized, will release him.*

APPEAL from the District Court of St. Landry, *Boyce,* J. *Martin,* appellant, *pro se. Linton* appeared on the same side. *Lewis* and *Swayze,* for the defendant.

The judgment of the court was pronounced by

Rost, J. At the request of the parties interested, a probate sale of the effects composing the succession of *Laurent Dupré fils* took place, and the bidders were notified that the purchase money was to be paid to *S. Perrodin,* at his store in the town of Opelousas. The defendant purchased a large number of cattle, and paid the price to *Perrodin,* at the time and place designated. The plaintiff has since caused himself to be appointed administrator of the succession of *Laurent Dupré,* and now claims from the defendant the price of adjudication, on the ground that *Perrodin* had no legal capacity to receive it, and has failed to account for it to the heirs. The case was submitted to a jury, who gave a verdict in favor of the defendant, and the plaintiff having failed to set it aside, judgment was rendered against him, and he appealed.

The succession was not in debt. *Perrodin* had married one of the heirs, and the others were all minors represented by their mother and natural tutrix. As the validity of the sale, and of the proceedings under which it took place, are not contested, we must presume that they were provoked and carried on by the tutrix and widow, who had power to administer the estate, with the assent of

MARTIN
v.
DUPRE.

*Perrodin.* The latter stated in his testimony that, he considered himself the administrator of the succession ; but there is no proof that he was, and his evidence explains the meaning attached by him to that word. He had the assent of the tutrix to receive the proceeds of the probate sale ; and as he received them, he offered to pay them over to her, but she told him to keep them, and either to invest them for their joint benefit, or to use them in his affairs. He accordingly kept them ; invested $4,500 in the name of the tutrix and his own ; and paid her interest at the rate of ten per cent per annum on the balance in his hands, till he failed. He further kept an account with her, and advanced her funds when she called for them. If this witness had considered himself an administrator under the authority of court, he could not have acted thus. He could not have invested the funds in real estate, nor paid any portion of them to the tutrix, without an authorization to do so. He would not have paid her ten per cent interest, for the use of money which it was his duty not to use. By administrator, he meant that he was the general agent of the tutrix; and this fact is placed beyond all doubt by the testimony of *P. Dupré.*

The succession not being in debt, the tutrix could, as already stated, administer it, and receive the proceeds of the sale, or authorise any other person to receive them for her. The jury came to the conclusion that *Perrodin* had authority to that effect, and we are satisfied that their verdict meets the law, as well as the equity, of the case.                       *Judgment affirmed.*